CASE No. 871.

BARRETT v. WATTS.

1. An action was brought in the county of L, by the creditors of one deceased, to marshal assets, subject lands to the payment of debts, &c.; two tracts of the land lay in the county of L, and one of these tracts was claimed by one of the defendants, and another tract, which was claimed by other defendants, lay in the county of A. *Held*, that under an issue framed in this cause, the question of title to the lands in A might be tried in the county of L.

2. *Held, further*, that there was no misjoinder of actions in the complaint. *Suber* v. *Allen, ante p.* 317, approved.

3.  The Court of Common Pleas is a court of general jurisdiction, and has power to try all cases, except such as are specially excluded from its jurisdiction.

Before WALLACE, J., Laurens, February, 1880.

Action commenced 1876 by Elizabeth C. Barrett in behalf of herself and all others, creditors of Richard Watts, deceased, against John B. Watts, in his own right, and as executor of Richard Watts, and other defendants. The appeal was taken by the plaintiff and one of the defendants. The other facts are stated in the opinion of the court.

*Messrs. Pope & Watts, Caldwell, Ball,* for appellants.

*Messrs. J. R. Abney* and *James Farrow,* contra.

May 3d, 1880.   The opinion of the court was delivered by

MᶜIVER, A. J.   The object of this action was to marshal the assets of the estate of Richard Watts, obtain an order for the sale of his lands, call in his creditors and provide for the payment of such claims as might be established against his estate. The deceased, at the time of his death, was domiciled in Laurens county, and the complaint, which was filed in the Court of Common Pleas for Laurens county, alleged that he died seized and possessed of lands, both in Laurens and in Abbeville counties—two tracts in Laurens and one in Abbeville—as well as personal property alleged to be insufficient for the payment of his debts.   Two of the defendants, devisees of the testator, by their answers set up title to the Abbeville tract under a parol gift from the testator perfected by adverse possession, and the executor, who was also a defendant and devisee, set up a similar claim to one of the Laurens tracts.   The other tract in Laurens has been sold under an order heretofore granted in this cause, and all the other substantial matters in the case have been heretofore disposed of, except the question raised by some of the defendants as to the title to the Abbeville land, the claim to the remaining tract in Laurens, and the accounting by the executor

for the rents of the Laurens lands.    At the last February Term
of the Court of Common Pleas for Laurens county, the attorneys
for the appellants "moved for a trial by the jury of that court
of the issues of fact material to the question of title in contro-
versy between the appellants and the respondent, as such issues
should be agreed upon by counsel or settled by the presiding
judge."    The counsel for the parties who set up a claim to the
Abbeville land "raised a question as to the jurisdiction of the
court and moved to dismiss the complaint as to the Abbeville
tract, on the ground that the land in controversy, being situate
in Abbeville county, the title to the same could not, by law, be
tried or determined by a jury of a court of Laurens county."
The Circuit judge held "that the Court of Common Pleas for
Laurens county had no jurisdiction to try, by a jury or otherwise,
the title to the lands in Abbeville county and refused either to
refer issues to the jury or to dismiss the complaint as to the
Abbeville land, and left the cause in *statu quo*, except so far as
the adjudication of want of jurisdiction in that court was con-
cerned."    From such ruling this appeal is taken upon grounds
stated in the brief, which it is not necessay to set out here, as
the only point ruled by the court, which is questioned by the
appeal, is, whether, in the case as made, the court in Laurens
had jurisdiction, in any form, to determine the question raised as
to the title to the Abbeville land.

The Court of Common Pleas being a court of general juris-
diction, it is incumbent upon those who deny its jurisdiction in
any particular case to point out the constitutional or statutory
provision which abridges such general jurisdiction.    It is not
pretended that there is any provision in the constitution which
would have such an effect, and the only statutory provision
relied upon for the purpose is that contained in Section 146 of
the code of procedure, which is as follows :  "Actions for the
following causes must be tried in the county in which the subject
of the action or some part thereof is situated, subject to the
power of the court to change the place of trial, in the
cases provided by Statute 1 ; for the recovery of real property,
or of an estate or interest therein, or for the determination, in any
form, of such right or interest," &c.    It will be observed that
the language is where "the subject of the action, *or s omepart*

*thereof,* is situated," &c.   So that the inquiries in this case, are : 1. What was the subject of this action.   2. Whether any part thereof was situated in Laurens county.   It is very clear that the subject of this action is the property, both real and personal, of which it is alleged the deceased debtor died seized and possessed, and not merely that portion of it situated in Abbeville, and it is conceded that " *some part thereof* "—and much the larger part—is situated in Laurens county.   It follows, therefore, that this provision of the code cannot have the effect claimed for it.

It may be, that, upon a proper showing, in a case like the one under consideration, it would be proper to order the trial of the issue raised as to title to be had in the county where the land lies, in analogy to the provision made for the change of the place of trial, but that is a matter which should be addressed to the discretion of the Circuit Court and is not before us for our consideration.

It may be, also, that before ordering a sale of the lands to which claims are set up by some of the devisees, that it would be proper, first, to exhaust the assets which have come, or should have come, into the hands of the executor, and that for this purpose the executor should first be required to account for the rents and profits of the Laurens land, but that, too, is a matter for the Circuit Court and is not before us for our consideration.

The position taken by respondents in the argument that two causes of action which cannot be properly united are really involved in this case, cannot be maintained.   What constitutes the cause of action in cases of this kind has been so fully and clearly stated in the recent case of *Suber* v. *Allen, ante p.* 317, that it is not necessary to repeat it here ; and from the principles there laid down, it is quite clear that two causes of action are not involved in this case.

The judgment of the Circuit Court is reversed, and the case remanded to the Court of Common Pleas for Laurens county for such further proceedings as may be necessary under the views herein announced.

WILLARD, C. J., and MCGOWAN, A. J., concurred.